IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRENDA G. HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  04-1217-T-An |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES

Plaintiff filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for benefits under the Social Security Act.  On July 30, 2005, the court entered an order reversing the decision of the Commissioner and awarding benefits based on Plaintiff's application of February 11, 2002.

On October 4, 2005, the court granted Plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2414(d) ("EAJA"), in the amount of $3,250.00.  Plaintiff's attorney, Roger Stanfield, has now moved this court pursuant to 42 U. S. C. Sec. 406(b) for authorization of attorney fees in this case in the total amount of $5,289.05, which amount represents twenty-three per cent of the past due Social Security disability benefits paid on Plaintiff's account. Plaintiff's counsel notes that Plaintiff has agreed to this amount as is shown by Plaintiff's attached affidavit.

Plaintiff's counsel also states that, if this court approves the full requested fee, no fee petition for any additional fee will be submitted to the Social Security Administration. Additionally, the $3,250.00 EAJA fee previously awarded Plaintiff's attorney, but not yet received by him, will be rebated to Plaintiff if Plaintiff's attorney is awarded the requested fee.[1]

Defendant Commissioner does not object to Plaintiff's request for attorney fees under 42 U.S.C. § 406(b) for court related time in the amount of $5,289.05 if Plaintiff's counsel refunds to Plaintiff the lesser of the EAJA fees or the fees awarded pursuant to section 406(b).[2]

Because Plaintiff's counsel seeks a reasonable attorney fee, the motion is GRANTED. However, as Plaintiff's counsel has already been awarded attorney fees payable under the EAJA, Plaintiff's counsel is hereby ORDERED to refund the smaller fee to Plaintiff as discussed above.

IT IS SO ORDERED.                              s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE

---

[1] The motion is supported by the earlier EAJA fee petition; an affidavit of Plaintiff's attorney's ordinary fee schedule; Plaintiff's affidavit supporting the attorney fee motion; and the fee agreement between Plaintiff and her attorney.

[2] In reenacting the EAJA, Congress precluded double-dipping, i.e., receipt of attorney fees for the same services under the EAJA and the Social Security Act. On August 5, 1985, by Pub. L. No. 99-80, § 3, 99 Stat. 186, Congress amended section 206(b) of Pub. L. No. 96-481 to provide that the smaller of the fees awardable for the same work under the EAJA and the Social Security Act must be refunded to the plaintiff.